[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 15-13171
Non-Argument Calendar
_____

Agency No. A201-110-063

MAMUN ANSARI,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals
_____

(May 6, 2016)

Before HULL, WILLIAM PRYOR and FAY, Circuit Judges.

PER CURIAM:

Mamun Ansari, a native and citizen of Bangladesh, seeks review of the Board of Immigrations Appeals' ("BIA") decision affirming the Immigration Judge's ("IJ") denial of his application for asylum, withholding of removal, and Convention Against Torture ("CAT") relief. After review, we deny in part and dismiss in part the petition.

Ansari's application was based on claims that he suffered past persecution and feared future persecution in Bangladesh on account of his political activity with the Bangladesh Nationalist Party ("BNP"). At a merits hearing, Ansari was the only witness to testify. Afterward, the IJ denied all requested relief, finding, inter alia, that Ansari was not credible. The BIA concluded that there was no clear error in the IJ's adverse credibility finding and affirmed. On appeal to this Court, Ansari challenges the adverse credibility finding and argues that when his testimony is properly credited, he establishes his eligibility for asylum, withholding of removal, and CAT relief.

## I. GENERAL PRINCIPLES

An asylum applicant must show, with specific and credible evidence, either past persecution or a well-founded fear of future persecution on account of a protected ground. See Forgue v. U.S. Att'y Gen., 401 F.3d 1282, 1286-87 (11th Cir. 2005). Similarly, an applicant for withholding of removal must show either past persecution or that it is more likely than not that he would be singled out for

2

persecution based on a protected ground if returned to his home country.  Sanchez

v. U.S. Att'y Gen., 392 F.3d 434, 437 (11th Cir. 2004).

An applicant's testimony, if credible, may be sufficient to sustain his burden

of proof.  Ruiz v. U.S. Att'y Gen., 440 F.3d 1247, 1255 (11th Cir. 2006).

Conversely, an adverse credibility determination standing alone is sufficient to

support a denial of asylum or withholding of removal when there is no other

evidence of persecution.  Forgue, 401 F.3d at 1287.  If, however, the applicant

submits other evidence of persecution, the IJ must consider this evidence as well.

Id.

The IJ, in evaluating credibility, must consider the totality of the

circumstances, including: (1) the demeanor, candor, and responsiveness of the

applicant; (2) the plausibility of the applicant's account; (3) the consistency

between the applicant's written and oral statements; (4) the internal consistency of

each statement; and (5) the consistency of the applicant's statements with other

record evidence, including country reports.  Immigration and Nationality Act

("INA") § 208(b)(1)(B)(iii), 8 U.S.C. § 1158(b)(1)(B)(iii).  Moreover, an adverse

credibility determination may be based on inconsistencies, inaccuracies, or

falsehoods, regardless of whether they go to the heart of the applicant's claim.  Id.[1]

---

[1]For purposes of determining eligibility for both asylum and withholding of removal, the IJ's credibility finding is governed by 8 U.S.C. § 1158(b)(1)(B).  See INA § 241(b)(3)(C), 8 U.S.C. § 1231(b)(3)(C).

The IJ must give "specific, cogent reasons for an adverse credibility finding." Ruiz, 440 F.3d at 1255 (quotation marks omitted). "Once an adverse credibility finding is made, the burden is on the applicant to show that the IJ's credibility decision was not supported by 'specific, cogent reasons' or was not based on substantial evidence." Forgue, 401 F.3d at 1287.

## II. ANSARI'S CLAIMS

As an initial matter, to the extent Ansari challenges the denial of his request for CAT relief, we conclude that we lack jurisdiction to review this claim. Ansari did not challenge the IJ's denial of CAT relief in his notice of appeal or his brief to the BIA. Thus, Ansari's CAT claim is unexhausted. See INA § 242(d)(1), 8 U.S.C. § 1252(d)(1); Indrawati v. U.S. Att'y Gen., 779 F.3d 1284, 1297-98, 1298-99 n.19 (11th Cir. 2015) (explaining that this Court lacks jurisdiction over an unexhausted claim even though the BIA addressed the claim sua sponte). Accordingly, Ansari's petition for review is dismissed as to his CAT claim.

With respect to Ansari's claims of asylum and withholding of removal, the IJ and the BIA gave specific, cogent reasons for discrediting him.[2] Specifically, the IJ and the BIA noted that Ansari's testimony was inconsistent with his credible

---

[2]Because the BIA agreed with the IJ's credibility determination, we review the decisions of both the BIA and the IJ as to this issue. See Ayala v. U.S. Att'y Gen., 605 F.3d 941, 947-48 (11th Cir. 2010). We review factual findings, including credibility determinations, under the substantial evidence test. Forgue, 401 F.3d at 1286. In doing so, "we review the record evidence in the light most favorable to the agency's decision and draw all reasonable inferences in favor of that decision." Id. We will overturn a credibility finding only if the record compels it. Id. at 1287.

fear interview, asylum application, and some of the documents he submitted and that Ansari became confused about dates during his merits hearing.

Further, these reasons are supported by substantial evidence. For example, during his credible fear interview, Ansari identified only one instance of harm, despite being repeatedly pressed for other instances. In particular, Ansari described one attack, which occurred outside a bus terminal, in which members of the opposition party, the Awami League, robbed him while he was coming from the market. At the merits hearing, however, Ansari recounted two additional attacks. In one alleged attack, Ansari was campaigning for an upcoming election when Awami members beat him, resulting in a back injury for which a village doctor prescribed medication. In the other alleged attack, Awami members forced entry into Ansari's home, broke items inside the home, and threatened to burn down the home and kill Ansari if he did not stop working for the BNP.

Despite the seriousness of these two alleged attacks, Ansari failed to mention either of them during his credible fear interview. Moreover, Ansari failed to include any of the three alleged attacks in his asylum application. Instead, Ansari's asylum application stated merely that the Awami League "just threatened [him] because [he] was in B.N.P."

In addition, Ansari's hearing testimony about his back injury was inconsistent with the "Injury Certificate" he submitted. The certificate states that

Ansari suffered multiple bruises to his head and body, without specifically referring to a back injury. Ansari testified, however, that his only injury was pain in his back. According to the injury certificate, Ansari was treated for eight days, but Ansari testified that he went home after the attack and obtained pain medication from a village doctor.

With regard to his BNP involvement, while Ansari testified that he was a leader in the BNP's youth group, the BNP documents that Ansari submitted state that he was a "joint secretary" in the Tangail district. One of the documents described Ansari's duties, but does not mention the youth group.

Finally, as the IJ and the BIA noted, during his testimony, Ansari confused the date of the election for which he was campaigning when he was attacked. Ansari first said the election occurred in December 2009, but later, when questioned by the IJ, said he had "made a mistake" and that the election was in December 2008.

Ansari argues that he offered explanations for some of the inconsistencies, namely that he was nervous during his credible fear interview and had difficulty speaking English. The BIA rejected these explanations, however, because Ansari had a Bengali-English interpreter at both his credible fear interview and his merits hearing, and Ansari was given "ample opportunity to set forth details regarding the incidents which allegedly occurred in 2008." The BIA was not required to accept

6

Ansari's explanations, and those explanations do not compel a conclusion that he was credible.  See Chen v. U.S. Att'y Gen., 463 F.3d 1228, 1233 (11th Cir. 2006) (concluding that the applicant's tenable explanations would not compel a reasonable fact finder to overturn the adverse credibility finding).  Furthermore, although there is no requirement that inconsistencies go to the heart of the applicant's claim, Ansari's role in the BNP and the mistreatment and injuries he suffered are material to his claims.  See INA § 208(b)(1)(B)(iii), 8 U.S.C. § 1158(b)(1)(B)(iii).

In light of the adverse credibility finding, substantial evidence supports the finding that Ansari was not eligible for asylum or withholding of removal. Ansari's claims rested primarily upon his discredited testimony, and the few documents he provided were at least somewhat inconsistent with that testimony. Furthermore, Ansari does not contend that the remaining evidence, without his testimony, compelled a conclusion that he was eligible for asylum or withholding of removal.

For all these reasons, Ansari's petition for review is denied as to his claims of asylum and withholding of removal and dismissed as to his CAT claim.

**DENIED IN PART AND DISMISSED IN PART.**